PETER H. CORR, Appellant, *v.* GEORGE F. HOFFMAN, Respondent, Impleaded with FRANK E. HOFFMAN, Defendant.

First Department, February 4, 1927.

Partnership — action for dissolution and accounting — complaint charges fraud — answer sets up, as defense and counterclaim, acceptance of option on part of respondent to buy out plaintiff's interest — original partnership agreement for three years was extended orally by mutual consent and became partnership at will — if allegations of fraud are met by respondent, defense and counterclaim become effective — option in original agreement continued in effect under partnership at will — counterclaim is defective in not alleging due performance of all conditions by respondent — option supported by sufficient consideration — option is not unconscionable — counterclaim defeats plaintiff's recovery if question of fraud is decided in favor of respondent.

In an action to dissolve a partnership and for an accounting, in which the plaintiff alleged fraudulent acts on the part of the defendant, a counterclaim and defense based on allegations that the respondent, prior to the commencement of the

action, elected to exercise an option contained in the original partnership agreement granting him the right to purchase plaintiff's interest and alleging a tender of the amount due under the option clause, does not meet the allegations of fraud, but if the respondent is able to defeat the plaintiff on the question of fraud, then the counterclaim will become effective.

The option clause in the written partnership agreement was continued in existence by the mutual oral extension of the original agreement which operated to turn the partnership into one at will, for it did not contain any limitation of time and was not inconsistent with such a partnership, and, therefore, the respondent had the right to exercise the option if he saw fit at any time prior to the dissolution of the partnership.

The counterclaim is defective, however, in failing to allege due performance of conditions precedent or facts from which such performance might be properly inferred, and this omission is not overcome by merely denying allegations of breaches of certain conditions alleged in the complaint, especially in view of the fact that the partnership agreement is not in the record, making it impossible to say that because breaches of certain conditions are denied, all other conditions have been performed. The option to purchase was not an independent covenant, but was an integral part of the partnership agreement, and, therefore, the allegation of due performance of all of the conditions of the agreement was necessary on the part of the respondent, and even though it be held that the option clause is an independent covenant, still the respondent would have to allege the performance of all conditions precedent which were a part of that clause.

The option clause does not lack consideration, nor is the method stated therein for determining the amount of the consideration indefinite or uncertain, since it distinctly provides that the consideration is a payment in cash of one-half of the value of the assets, and since it specifies the method for the computation of the value of the assets.

The option is not unconscionable on the theory that it does not take into consideration the value of the fixed assets, for the language of the clause may be construed as authorizing the inclusion of the value of those assets in determining the amount to be paid under the option, but even if construed otherwise, the language is clear and apparently embodies the intention of the parties.

There is no merit in the contention by the plaintiff that the counterclaim does not tend to diminish or defeat plaintiff's recovery, for, if the respondent can meet plaintiff's contentions on the question of fraud, then he will be able to defeat the accounting demanded by the plaintiff.

APPEAL by the plaintiff, Peter H. Corr, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of June, 1926, denying plaintiff's motion to strike out the second defense in the amended answer of the respondent and to dismiss the counterclaim in said amended answer, or, in the alternative, for an order directing the respondent to separately state and number said defense and counterclaim.

*Thomas E. O'Brien* of counsel [*Conway, Kellogg & O'Brien*, attorneys], for the appellant.

*Henry W. Hardon* of counsel [*Edward S. Malone* with him on the brief], for the respondents.

Finch, J. Whether a counterclaim states a cause of action is the substantial question presented for review. The motion which was denied was to strike from the answer matter alleged as a defense and counterclaim upon the ground that as a defense it was insufficient in law, that as a counterclaim it did not state facts sufficient to constitute a cause of action, and that it was not a claim which may properly be interposed as a counterclaim since it did not tend to diminish or defeat the plaintiff's recovery.

The action is brought for a judgment of dissolution of a partnership and an accounting. The complaint charges the defendant George F. Hoffman, who was the active partner in charge of the business, with conspiring with his brother, Frank E. Hoffman, employed as general manager of the firm's New York establishment, to cheat the plaintiff out of his true and just share in the profits by fraudulent means, more particularly set forth. The answer admits the agreement of partnership, and also admits that the defendant George F. Hoffman was intrusted by the plaintiff with the supervision and direction of the conduct of the partnership, and that he exercised such supervision continuously and enjoyed the confidence of the plaintiff until shortly prior to the commencement of the action. It denies the fraud and, " for a second defense by way of counterclaim," alleges that the defendant had elected to exercise an option which was provided in the partnership agreement to purchase the interest of the plaintiff in the partnership according to the terms therein provided, and that he had tendered to the plaintiff the value of his interest as found in accordance with such provisions. The written contract of partnership is not in the record, so that it is impossible to decide the questions presented as satisfactorily as if a complete record were before us. The partnership was originally to run for three years, namely, from September 5, 1901, until September 5, 1904. Thereafter, by mutual consent, the said agreement was extended as a partnership at will and continued in full force and effect subject to the present action.

The defendant sets forth the pre-emptive clause of the partnership agreement as follows: " It is further understood and agreed that should the party of the first part, his heirs, administrators, executors or assigns desire at any time before the end of the term of this contract to purchase the interest of the party of the second part from his heirs, administrators, executors or assigns, the party of the second part, his heirs, administrators, executors or assigns will sell, assign, set over and transfer unto the party of the first part, his heirs, administrators, executors or assigns all his right, title and interest in the said copartnership by the paying to him, his heirs, administrators, executors or assigns by the party of the

first part, his heirs, administrators, executors or assigns a sum equal to his, the party of the second part, share in the said business which share shall be determined by taking account of stock under the terms, manner and condition aforesaid."

The defendant then sets forth the provision of such agreement relating to fixing the purchase value of the plaintiff's interest, as follows: " The profits of the business shall be determined by deducting salaries, interest and losses which shall include all bills three months or more overdue and accounts which are in the hands of attorneys or collecting agencies for collection, from the gross profits, and the value of the goods on hand shall be determined as follows: In case any of the goods on hand shall have declined in value they shall be appraised at the price at which they can be replaced either in kind or quality, as to the other goods they are valued at invoice price."

The defendant then alleges that he desired to purchase the interest of the plaintiff in the partnership business and some time before December 1, 1925 (the summons being dated November 20, 1925), notified the plaintiff in writing of this desire and that on December 1, 1925, the defendant would proceed to take an account of stock as provided in the partnership agreement as of the close of business on November 30, 1925, and invited the plaintiff to participate. After the accounts of the partnership had been duly audited, the defendant tendered to the plaintiff his interest therein with interest from November 30, 1925, to the time of tender and demanded a deed of sale of the interest of the plaintiff in said partnership which the plaintiff rejected and thereupon said sum was deposited with a solvent bank. Then follows the prayer of the defendant demanding judgment that the complaint be dismissed as against him and decreeing that the said partnership was terminated as of the close of business on November 30, 1925.

Obviously the matter set up by way of defense and counterclaim will not prevail against the allegations of fraud, but if these are successfully met by the defendant, then the counterclaim becomes effective. Upon this motion the plaintiff urges, in the first place, the interesting contention that the pre-emptive clause came to an end with the original termination of the partnership contract at the end of the three-year period and that this clause was not carried forward into the contract as extended as a partnership at will. Authorities upon this contention seem lacking in this State but in England the courts have found that such a pre-emptive clause is not inconsistent with a partnership at will, and hence have carried it forward into the extended contract. This result has been reached upon the principle that such provisions of the

partnership agreement as are not inapplicable to a partnership at will are carried forward into the partnership as extended by mutual consent.   In *Cox* v. *Willoughby* (L. R. 13 Ch. Div. 863, 870) FRY, J., said: " I conceive that the general statement of the rule in Mr. Justice LINDLEY's book on Partnership (Vol. 2 [4th ed.], p. 823) is accurate.   He says, ' If a partnership, originally entered into for a definite time, is continued after the expiration of that time, without any new agreement, the articles under which the partnership was first carried on continue, so far as they are applicable·to a partnership at will, to regulate the rights and obligations of the partners *inter se.*' "

The same rule has been statutorily adopted in this State. Section 45 of the Partnership Law provides as follows: " Continuation of partnership beyond fixed term.   1. When a partnership for a fixed term or particular undertaking is continued after the termination of such term or particular undertaking without any express agreement, the rights and duties of the partners remain the same as they were at such termination, so far as is consistent with a partnership at will."   The only question remaining open, therefore, is whether a pre-emptive right, as in the case at bar, is inconsistent with a partnership at will.

In *Daw'* v. *Herring* (L. R. [1892] 1 Ch. Div. 284) it was held that such a pre-emptive right was not inconsistent with a partnership at will.   In fact the English courts seem to regard such a pre-emptive right as surviving even the dissolution of the partnership and as affording a simpler and more economical way of disposing of the matter than by resorting to a legal winding up.

In *Neilson* v. *Mossend Iron Co.* (L. R. [1886] 11 App. Cas. 298) Lord WATSON said:

" It is not, in my opinion, inconsistent with the nature of a partnership at will that a member should agree upon its dissolution at any time to receive payment of his share and interest in the shape of a sum of money   *   *   *   without having resort to a legal winding-up   *  *   *.   Such an arrangement is in reality a mode of winding-up which is not less applicable to a contract at will, than to a contract having a definite term of endurance.

" Accordingly it appears to me that there is nothing in the subject-matter of article 12   *   *   *   which   could   make   it incapable of application to a contract determinable at will.   *   *   * But it does not necessarily follow that the special character of the stipulations contained in article 12 is such that they can be reasonably applied to a contract of that kind.   *   *   *   Time is of the essence of the condition, but a contract at will affords no terminus from which it [the three months] can be measured or computed."

Whatever may be said as to the survival of such a pre-emptive clause after dissolution, it would seem consonant with the intention of the parties in the case at bar that such a pre-emptive clause should be carried forward into the partnership as extended into a partnership at will, since if the parties had simply agreed to extend the partnership articles for ten years without further provision, can it be doubted that such a pre-emptive right would have been so extended with the other provisions of the contract? Wherever such a provision has not been extended in the cases which have arisen in England, it has been because such provision was inconsistent with a partnership at will, as for instance a condition that for the exercise of the right of purchase, it was necessary to give three months' notice prior to the expiration of the term (*Neilson* v. *Mossend Iron Co., supra*), and the court quite properly held that the requirement of such a notice was inconsistent with the nature of a partnership at will which could be terminated at any time. It would, therefore, seem that this contention of the plaintiff is not tenable and that the pre-emptive right of the contract was carried into the contract as extended into a partnership at will.

The plaintiff further urges, in the second place, that the counterclaim is defective in not alleging due performance of conditions precedent or facts showing such performance. The defendant seeks to overcome this omission by seeking to hold as its equivalent the denials in the answer of the allegations of the complaint which allege breaches of certain conditions. Since the partnership agreement is not in the record, it is impossible to say that, because breaches of certain conditions are denied, therefore, all other conditions have been performed. The allegations of the defendant must show all the conditions which exist and that all have been performed. This requirement can, of course, be met by an allegation pursuant to rule 92 of the Rules of Civil Practice. The defendants further seek to obviate the omission of the allegations of due performance of conditions by alleging that the option to purchase was an independent covenant and hence it becomes unnecessary to allege performance of the other conditions of the contract. It is not possible to hold the pre-emptive clause an independent covenant, since it clearly is bound up with all the other provisions of the contract. Furthermore, if it were so to be held, it would then be possible for the defendant, as managing partner, to breach the covenant of faithful performance by fraudulently dissipating the assets and thereupon to claim a right of purchase under the pre-emptive clause of the business for one-half of the remaining assets. Such a construction would do violence to the evident intention of the parties. Even, however, if it were

possible to regard the pre-emptive clause as an independent covenant, still the defendant would have to allege the performance of all conditions precedent which were a part of the pre-emptive clause. The absence of the written partnership articles from the record makes it impossible to say that the defendant has alleged the performance of all of such conditions. In failing thus to allege a performance of conditions precedent, the counterclaim fails to state a cause of action.

The option of purchase neither lacks consideration nor is the method of arriving at this consideration uncertain, as urged by the plaintiff. The consideration is the payment in cash of one-half of the value of the assets and the method provided in the agreement for this computation is on a stated basis, which does not make it indefinite or uncertain.

Plaintiff next urges that the option is unconscionable. In order to support this claim, the appellant argues as if in ascertaining the value of the appellant's interest there was to be no allowance for fixed assets. But the language is broad enough to permit the raising of an issue that it includes taking account of such assets. Even if it should be found not to include them there is no claim that the language did not embody the intention of the parties.

The appellant lastly urges that the counterclaim does not tend to diminish or defeat the plaintiff's recovery. A complete answer, among other things, to this contention is that if the defendant is able to meet the contentions of fraud alleged by the plaintiff, then the defendant under the pre-emptive clause will be able to defeat the accounting demanded by the plaintiff. As already noted, however, inasmuch as the defendant has not alleged in his counterclaim due performance of conditions precedent on his part, the order appealed from should be reversed.

The order should be reversed, with ten dollars costs and disbursements to the appellant, and the motion to strike out the second defense and dismiss the counterclaim granted, with leave to the respondent to serve an amended answer upon payment of said costs and taxable costs to date.

Dowling, P. J., Merrell, McAvoy and Proskauer, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion to strike out the second defense and dismiss the counterclaim granted, with leave to the respondent to serve an amended answer within twenty days from service of order upon payment of said costs and taxable costs to date.